**WO**                                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Henry R. Bick,                                    )    No. CV 07-161-PHX-MHM (JRI)
                                                  )
            Plaintiff,                            )    **ORDER**
                                                  )
vs.                                               )
                                                  )
Joe Arpaio,                                       )
                                                  )
            Defendant.                            )
_____           )

       On January 23, 2007, Plaintiff Henry R. Bick filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) regarding his confinement in the Maricopa County Durango Jail.

       In a February 14, 2007 Order (Doc. #3), the Court noted that Plaintiff had not paid the $350.00 civil action filing fee and that, because it was unclear whether Plaintiff was a prisoner when he filed his Complaint, Plaintiff's Application to Proceed *In Forma Pauperis* either was deficient or was filed on the incorrect form. The Court gave Plaintiff 30 days to either pay the filing fee or file the appropriate form for seeking *in forma pauperis* status.

       On February 28, 2007, Plaintiff filed an "Application to Proceed *In Forma Pauperis* by a Prisoner Civil (Non-Habeas)" (Doc. #6) and a "Motion to Proceed In Forma Pauperis and Supporting Information" (Doc. #7).

. . . .

. . . .

. . .

JDDL

**I.    *In Forma Pauperis* Application and Motion**

It is unclear whether Plaintiff was a prisoner when he filed his Complaint.  Plaintiff did not provide any further clarity when he filed **both** an Application to Proceed *in forma pauperis* by a prisoner **and** a Motion to Proceed *in forma pauperis* by a non-prisoner.

It appears Plaintiff was not a prisoner when he filed his Complaint because Plaintiff crossed out the preprinted Maricopa County Durango Jail address on his Complaint and handwrote a local address in Mesa, Arizona. The Court therefore will proceed as though Plaintiff was not a prisoner when he filed his Complaint.

The Court will deny the Application to Proceed by a **prisoner** (Doc. #6), but will grant the Motion to Proceed *In Forma Pauperis* (Doc. #7).  28 U.S.C. § 1915(a)(1).  Plaintiff may proceed without prepayment of costs or fees or the necessity of giving security therefore.  Plaintiff shall be responsible for service by waiver or of the summons and Complaint.

**II.    Statutory Screening of *In Forma Pauperis* Complaints**

When a Plaintiff is permitted to proceed *in forma pauperis*, the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

. . . .

1   **III.    Complaint**

2           In his three-count Complaint, Plaintiff sues Maricopa County Sheriff Joe Arpaio.  In

3   Count One, Plaintiff alleges that he was only fed twice daily at the Jail and that the quantity

4   of food provided was insufficient.  In Count Two, Plaintiff contends there was a rodent

5   infestation at the Jail.  In Count Three, Plaintiff asserts that he was housed in a facility

6   "clearly beneath human consuption [sic]."  He alleges that, if the building is not condemned,

7   it should be condemned because asbestos is "everywhere," "rust is on [the] dinner tables in

8   unbelievable portions," staph infection is out of control, there is inadequate seating, the food

9   servers do not have food handler cards, and inmates are refused medical care.

10          In his Request for Relief, Plaintiff seeks monetary compensation and wants the Court

11  "to not let this type of hous[]ing administration neglect and abuse cont[inue]."

12  **IV.    Failure to Allege a Violation of a Constitutional Right**

13          Section 1983 provides a cause of action against persons acting under color of state law

14  who have violated rights guaranteed by the United States Constitution and federal law.  42

15  U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).  A

16  pretrial detainee's claim for unconstitutional conditions of confinement arises from the

17  Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment

18  prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520, 535

19  (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant

20  acted with deliberate indifference.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

21          To state a claim of deliberate indifference, plaintiffs must meet a two-part test.  First,

22  the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the

23  official's act or omission must result in the denial of "the minimal civilized measure of life's

24  necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Second, the prison official must

25  have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to

26  inmate health or safety.  Id.  In defining "deliberate indifference" in this context, the Supreme

27  Court has imposed a subjective test: "the official must both be aware of facts from which the

28

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

Here, Plaintiff has failed to allege any constitutional violations. Thus, the Court will dismiss without prejudice Plaintiff's Complaint because it fails to state a claim.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a copy of the Court's procedural guideline manual entitled "Filing a Complaint in Your Own Behalf."

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. **Plaintiff may include only one claim per count.**

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

. . . .

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's "Application to Proceed *In Forma Pauperis* by a Prisoner Civil (Non-Habeas)" (Doc. #6) is **denied**.

(2)    Plaintiff's "Motion to Proceed In Forma Pauperis" (Doc. #7) is **granted**. Plaintiff may proceed without prepayment of costs or fees or the necessity of giving security therefore.  Plaintiff shall be responsible for service by waiver or of the summons and complaint.

(3)    The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(5)    The Clerk of Court must mail Plaintiff a copy of the Court's procedural guideline manual entitled "Filing a Complaint in Your Own Behalf."

DATED this 23rd day of March, 2007.

Mary H. Murguia
United States District Judge

JDDL



# FILING A COMPLAINT IN YOUR OWN BEHALF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Sandra Day O'Connor United States Courthouse
401 West Washington Street, Suite 130
Phoenix, AZ 85003

(602) 322-7200

Evo A. DeConcini United States Courthouse
405 West Congress Street
Tucson, AZ 85701

(520) 205-4200

(September 2006)

TABLE OF CONTENTS

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    FILING YOUR CASE: INITIAL PLEADINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.     OTHER INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Change of Address . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Format of Documents  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        Copies of Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.      FEES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        Statutory Regulations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        Advance Payment Required . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI.     OPERATION OF THE CLERK'S OFFICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        General Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        Court's Address  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        Geographic Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Where to Obtain our Local Rules  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        Where to Find the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ATTACHMENTS
        1.      What We Can and Cannot Do
        2.      Sample Format for Complaint
        3.      Summons Form
        4.      Notice of Lawsuit and Request for Waive of Service of Summons
        5.      Waiver of Service of Summons
        6.      Format for IFP Motion
        7.      Format for Proposed IFP Order
        8.      F.R.Civ.P. 4
        9.      F.R.Civ.P 8(a)
        10.     How to Calculate Time for Filing Documents
        11.     Schedule of Fees
        12.     Legal Services Organizations

## I.    INTRODUCTION

These procedural guidelines were written and compiled to assist an individual who wishes to file a civil action on his/her own behalf (Pro Se) before the United States District Court for the District of Arizona.  These procedural guidelines may also be used by an individual who wishes to file a civil action on his/her own behalf who is found indigent by the court and may proceed without prepayment of costs or fees for filing a complaint in this court.  Samples of most documents necessary to initiate an action in federal district court are included in this packet, as well as copies of any federal or local rules referenced in these guidelines.

These guidelines **CANNOT** take the place of an attorney's legal advice.  They are by no means comprehensive and are only intended to assist you in understanding the basic terms and procedures required by the court.

**This summary is intended only as a general guide.  Any documents you file must comply with the Federal Rules of Civil Procedure (Fed.R.Civ.P.) and the District of Arizona Local Rules of Practice.  The fact that you are not represented by an attorney does not relieve you of this overriding responsibility.  Compliance with these rules is required.**

**Please be aware that the Clerk's Office staff are prohibited from giving legal advice pursuant to 28 USC §955.  This includes:**
- **offering interpretations of rules;**
- **recommending a course of action;**
- **predicting a decision a judicial officer might make on any given matter;**
- **interpreting the meaning or effect of any court order or judgment.**

## II.    TERMINOLOGY

To familiarize you with words you will hear frequently, the following is a list of some legal terms and their definitions:

**PRO SE**
*If you are filing a lawsuit on your own and will represent yourself, you are proceeding pro se.*
**IN FORMA PAUPERIS**
*To proceed without prepayment of costs or fees for filing a complaint.*
**PLAINTIFF**
*The person who is filing the complaint against an individual, a corporation or company, or a government agency.*

1

**DEFENDANT**

*The party that is being sued.*

**LITIGANT**

*A party to a lawsuit*

**COUNSEL**

*One who has been admitted as an attorney at law to assist his/her client with advice and pleads for him/her in open court.*

**COMPLAINT**

*The document that a plaintiff files with the Clerk of Court to initiate a lawsuit.  It contains a clear statement of the important information about the claim(s) of the plaintiff and identifies each defendant.  (See F.R.Civ.P. 8(a))*

**ANSWER**

*A document filed by the defendant in response to the complaint.*

**SUMMONS**

*This is a formal command of the court, directed to the defendant, which informs the defendant that an action has been brought against him/her and an answer is required.  (See F.R.Civ.P. 4)*

**MOTION**

*A request made to the court for the purpose of obtaining a ruling or order directing an act to be performed in favor of the applicant or movant.  The court may either hold a hearing on the motion requiring the parties to appear OR the judge may decide the motion without a hearing.  (See LRCiv 7.2 and LRCrim 12.1)*

**ORDER**

*An order is issued by a judge or a magistrate judge and usually directs the plaintiff or the defendant to do something.  An order may also be issued to grant or deny a motion.*

**JUDGMENT**

*The official and authentic decision of a court adjudicating with finality the respective rights and claims of the parties to a suit.*

**JURISDICTION**

*The power or legal authority of the court to hear and decide a case.*

**DOCKET NUMBER**

*Civil case/civil action number assigned to a case by the court when a new complaint is filed.  The number includes the "CV" designation for a civil case, followed by the last two digits of the calendar year in which the case is filed; the number of the case in the order filed during the calendar year, followed by the designation of the division where filed, and ending with the initials of the district judge to whom the case is assigned.  (Example CV-96-12-PHX-RCB)*

**LODGED**

*The Clerk of Court receives a document for safekeeping until a decision is rendered by the judge as to whether the document shall be filed.*

**WAIVER OF SERVICE OF SUMMONS**

Pursuant to F.R.Civ.P. 4, service of summons can be waived by the defendant. The "Waiver of Service" with its companion form "Notice of Lawsuit and Request for Waiver of Service of Summons" can be mailed by the Pro Se plaintiff by 1st class mail to each defendant to request the defendant to save costs by not requiring service of process.

**SERVICE OF PROCESS**

*The service of writs, summonses, or rules to the party to whom they ought to be delivered.*

## III.    FILING YOUR CASE: INITIAL PLEADINGS

When filing a complaint you must submit the following documents; examples of which are included in this packet as attachments (also refer to Section IV, page 4 of this packet for format information):

1.      An original and one copy of the complaint.

2.      An original and one copy of the summons listing each named defendant

3.      $350.00 filing fee made payable to Clerk, U.S. District Court.

**OR**

An original and one copy of a motion (request) to proceed in forma pauperis (IFP) with supporting information regarding your financial status, and an original and one copy of a proposed order granting leave to proceed in forma pauperis for the judge's signature. Copies of these forms are included in this packet.

**NOTE:** The term "**in forma pauperis**" refers to one's inability to pay the fees for filing and serving a complaint.

**If filing in forma pauperis (IFP)**, the original complaint will be filed and assigned the next consecutive civil case number. You have the right to request that the judge order the U. S. Marshal to serve the summons and complaint, although you must describe the extraordinary circumstances that would prohibit you from arranging for service yourself. An original and one copy of each of the documents, including the complaint, are to be provided by the filer. These documents will be forwarded to the judge who is randomly assigned to the case. After reviewing the documents submitted to the court, the judge will determine whether or not you will be granted leave to proceed in forma pauperis. Once a decision has been made, you will receive a copy of the judge's order by mail.

**If leave to proceed IFP is denied**, your case will be dismissed unless you pay the filing fee.

3

**If IFP is granted**, YOU MUST SUBMIT AN ORIGINAL AND ONE COPY OF A SUMMONS PREPARED FOR EACH DEFENDANT AND the clerk will issue the summons(es) AND RETURN THEM TO YOU FOR SERVICE. You will be responsible for initiating service of a summons and the complaint upon each of the other parties in accordance with Rule 4 of the F.R.Civ.P, a copy of which is included in this packet. You may also choose to serve the defendant(s) by mail as described in Rule 4 of the F.R.Civ.P. If you wish to make service by mail, complete Form 398 (Notice of Lawsuit and Request for Waiver of Service), and Form 399 (Waiver of Service of Summons), both of which are included in this packet. If you had requested that the U. S. Marshal make service on your behalf and the judge granted your request, the court will send you various forms to complete and return to the Clerk's Office. The clerk will then issue the summons(es) and forward the documents to the U.S. Marshal's Office for service pursuant to the Federal Rules of Civil Procedure.

**If you are paying the $350.00 filing fee**, the complaint and all other documents submitted to the court will be filed and assigned the next consecutive civil case number. An original and one copy of each of the documents, including the complaint, are to be provided by the filer. Keep in mind, however, that an original and one copy of the summons form should be prepared for each named defendant. The complaint and supporting documents will be forwarded to the judge who is randomly assigned to the case. If you have submitted summonses, we will issue them and return them to you at the time you file your complaint. You will be responsible for serving the summons and complaint upon the defendant(s) in accordance with Rule 4 of the F.R.Civ.P. You may choose to serve the defendant(s) by waiver of service, as described in Rule 4 of the F.R.Civ.P. A copy of F.R.Civ.P. 4 is in this packet. If you wish to make service by mail, complete Form 398 (Notice of Lawsuit and Request for Waiver of Service), and Form 399 (Waiver of Service of Summons), both of which are included in this packet.

## IV.    OTHER INFORMATION

All documents filed with the court should bear the correct civil action number and the initials of the district judge to whom the case is assigned. The case number format will be provided to you by the court at the time a case number and judge are assigned.

Change of Address

If you should change your address, LRCiv 83.3(d) requires that you file and serve a written notice of a change of address.

Format of Documents

All documents shall be submitted for filing on 8 ½ by 11 inch white paper.

Pursuant to F.R.Civ.P. 11, each pleading must be signed by at least one attorney of record or the pro se litigant, if self-represented.

A name, address and telephone number are required on all pleadings.  All pleadings and papers must be presented according to the requirements set forth in LRCiv 7.1 and LRCrim 12.1).

Copies of Documents

All documents shall be submitted for filing in an original and one copy.  If you desire to receive a file stamped copy, you must provide an additional copies of the document.  A self-addressed stamped envelope is required if done by mail.

## V.    FEES

Statutory Regulations

The Judicial Conference of the United States, pursuant to Title 28, U.S.C. §1914(b) and 1930, adopted a schedule of fees for filings in the United States Courts (copy attached).  All checks and/or money orders shall be made payable to the Clerk, U.S. District Court.

Advance Payment Required

Fees are due at the time of filing.  If no filing fee or application for in forma pauperis status is received with the filing of a summons and complaint, and a filing fee is required, summons will not be issued until the fee requirement is met or in forma pauperis status is granted.

Payment of copy fees or search fees is required at the time the request is made.

## VI.    OPERATION OF THE CLERK'S OFFICE

General Information

The District Court Clerk's Office in Phoenix and Tucson are open for business between the hours of 8:30 a.m. and 5:00 p.m., except for Saturdays, Sundays and legal holidays.

Court's Address

The United States District Court for the District of Arizona has two separate staffed locations:

**PHOENIX**

Sandra Day O'Connor U.S. Courthouse

401 West Washington Street, Suite 130, SPC 1

Phoenix, AZ 85003-2118

(602) 322-7200

**TUCSON**

Evo A. DeConcini U.S. Courthouse

405 West Congress Street, Suite 1500

Tucson, AZ 85701

(520) 205-4200

Geographic Jurisdiction

The District covers the entire state of Arizona.  However, the District is divided into three divisions, each named and comprising counties as follows:

Phoenix Division:       Maricopa, Pinal, Yuma, La Paz and Gila counties

Prescott Division:      Apache, Navajo, Coconino, Mohave, and Yavapai counties.

Tucson Division:        Pima, Cochise, Santa Cruz, Graham, and Greenlee counties.

All files and records of the Phoenix and Prescott divisions are kept at Phoenix and all files and records of the Tucson division are kept at Tucson.  Documents should either be mailed or hand delivered to the appropriate office.

Where to Obtain our Local Rules

The Local Rules of Practice of the United States District Court for the District of Arizona may be obtained from our website, www.azd.uscourts.gov, (Local Rules) or upon request from the Clerk's Office Customer Service staff.

Where to Find the Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure (Fed.R.Civ.P.) are available for viewing at the following law libraries:

**Maricopa County Law Library**         **Pima County Law Library**         **U of A Law Library**

**201 West Jefferson**                  **110 West Congress, 2nd Floor**    **Speedway & Mountain**

**Phoenix, AZ**                         **Tucson, AZ**                       **Tucson, AZ**

**(602) 506-3461**                      **(520) 621-1413**                   **(520) 740-8456**



# Welcome to the U.S. District Court
## District of Arizona

---

**WE ARE HAPPY TO HELP YOU IF WE CAN.  HOWEVER, WE ARE ALLOWED TO HELP YOU ONLY IN CERTAIN WAYS, SINCE WE MUST BE FAIR TO EVERYONE.**

---

*This is a list of some things the court staff can and cannot do for you.*

| | | | |
|---|---|---|---|
| **We can** | explain and answer questions about how the court works | **We cannot** | tell you whether or not you should file a case |
| **We can** | provide you with the number of the local lawyer referral service, legal services programs and other services where you can get legal information | **We cannot** | give you an opinion about what will happen if you bring your case to court |
| | | **We cannot** | tell you what words to use in your court papers |
| **We can** | give you general information about court rules, procedures, and practices | **We cannot** | talk to the judge for you or let you talk to the judge outside of court |
| **We can** | provide court schedules | **We cannot** | tell you what to say in court |
| **We can** | provide you information from your case file | **We cannot** | tell you what you should do next in your case |
| **We can** | provide you with court forms and instructions that are available | **We cannot** | provide you a copy of an order until it is filed in by the Clerk's Office |
| **We can** | usually answer questions about court deadlines | **We cannot** | compute deadlines in your particular case |

Since court staff may not know the answers to all questions about court rules, procedures, and practices, and because we don't want to give you wrong information, we have been instructed not to answer questions if we do not know the correct answers.  For additional information, please contact a lawyer or your local law library, or visit our web site at **www.azd.uscourts.gov.**

ATTACHMENT 1

1  Your Name

2  Address

3  City, State, Zip

4  Telephone Number

5

6            IN THE UNITED STATES DISTRICT COURT

7                FOR THE DISTRICT OF ARIZONA

8

9  Your Name,                    )   CASE NUMBER WILL BE ASSIGNED
                                 )        AT TIME OF FILING
10          Plaintiff,           )
                                 )
11  vs.                          )
                                 )   COMPLAINT
12                               )
            Defendant.           )
13                               )
                                 )
14  _____    )

15

16                    **Jurisdiction**
                   (Separate Paragraph)
17

18                    **Complaint**
                  (Separate Paragraph(s))
19       COMPLAINT MUST COMPLY WITH RULE 8(a)
              (A copy of Rule 8(a) is attached)
20

21

22                      **Demand**
                   (Separate Paragraph)
23

24

25  Dated:            (YOUR SIGNATURE IN INK)
                      Your name typed or printed
26                    Address
                      Telephone Number
27

28

                      ATTACHMENT 2

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

V.                                          **SUMMONS IN A CIVIL CASE**

CASE

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_____

CLERK                                                          DATE

_____

(By) DEPUTY CLERK

ATTACHMENT 3

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were _____

☐ Returned _____

_____

☐ Other (specify): _____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                          Date                    *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

AO 398

# NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:    (A) _____

    as   (B) _____of (C) _____

        A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the (D) _____ District of _____ and has been assigned docket number (E) _____.

        This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of cost-free return) for your use.  An extra copy of the waiver is also attached for your records.

        If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

        If you do not return the signed waiver within the time frame indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

        I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____, _____.

                                       _____
                                       Signature of Plaintiff's Attorney
                                       or Unrepresented Plaintiff

---

I affirm that this request is being sent to you on behalf of the plaintiff, this ____ day of _____, _____.

                                       _____
                                       United States Marshals Service Deputy or Clerk

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in a foreign country) in which to return waiver

ATTACHMENT 4

✎AO 399  (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _____

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request

(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,

(CAPTION OF ACTION)

which is case number _____ in the United States District Court

(DOCKET NUMBER)

for the _____ District of _____ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _____ ,

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____
(DATE)                                  (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

ATTACHMENT 5

Name
Address
City, State, Zip
Telephone number

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Plaintiff, | ) )<br>) )<br>) ) CV<br>) )<br>) ) **MOTION TO PROCEED**<br>vs.  ) ) **IN FORMA PAUPERIS and**<br>) ) **SUPPORTING INFORMATION**<br>) )<br>Defendant. ) )<br>) )<br>_____ ) |

    I, _____, declare that I am the Plaintiff in this action;

that I hereby request to proceed without being required to prepay fees, costs or give security

therefore.  I state that, because of my poverty, I am unable to pay the fees of said proceeding;

that I believe I am entitled to relief.

In further support of this application, I answer the following questions:

1.    Are you presently employed?               Yes    No

        a.      If the answer is "yes", state the amount of your salary or wages per month and

                   give the name and address of your employer.

        b.      If the answer is "no", state the date of last employment and the amount of the

                   salary and wages per month which you received.

2.    Is your spouse employed?                 Yes    No

        a.      If the answer is "yes", state the amount of your spouse's salary or wages per

                   month and give the name and address of your spouse's employer.

b.      If the answer is "no", state the date of last employment and the amount of the salary and wages per month which your spouse received.

3.      Have you received within the past twelve months any money from any of the following sources?

a.      Business or other form of self employment          Yes    No

b.      Rent payments, interest or dividends                    Yes    No

c.      Pensions, annuities or life insurance payments     Yes    No

d.      Gifts or inheritances                                            Yes    No

e.      Any other sources                                               Yes    No

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

4.      Do you own any cash, or do you have money in checking or savings accounts? If the answer is "yes", what is the amount of money you own in cash _____, checking account _____, savings account _____.

5.      Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding household furnishing and clothing)? Yes    No
If the answer is "yes", describe and give estimated value of each.

6.      List the number of persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute towards their support.

I declare under penalty of perjury that the forgoing is true and correct.

DATED this ___ day of _____, 200__.

_____
Your signature in ink
_____
Your name typed or printed
_____

_____
Address
_____
Telephone Number

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CV |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

I, _____, District Judge/Magistrate Judge of the United

States District Court for the District of Arizona, hereby:

_____ **GRANT** the application for leave to proceed in forma pauperis, without prepayment of costs

or fees or the necessity of giving security therefore. Plaintiff shall be responsible for service

by waiver or of the summons and complaint.

_____ **GRANT** the application for leave to proceed in forma pauperis, without prepayment of costs

or fees or the necessity of giving security therefore. Service by waiver or of the summons and

complaint shall be at government expense on the defendants by the U.S. Marshal or his

authorized representative.

_____ **DENY** the application for leave to proceed in forma pauperis without prepayment of costs

or fees or the necessity of giving security therefore. Plaintiff shall have 10 days from the

entry of this Order to pay the filing fee of $350.00. The Clerk of Court is directed to enter

ATTACHMENT 7

dismissal of this action without further notice if Plaintiff fails to pay the filing fee of $350.00 within 10 days of the entry of this Order.

The Clerk shall forthwith notify the Plaintiff of the entry of this Order.

DATED this ___ day of _____, 200__.


_____
United States District/Magistrate Judge

## FEDERAL RULES OF CIVIL PROCEDURE

# Rule 4. Summons

(a) Form.

The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

(b) Issuance

Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

(c) Service with Complaint; by Whom Made.

(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for the purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.

(d) Waiver of Service; Duty to Save Costs of Service; Request to Waive.

(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

(2) An individual, corporation, or association that is subject to service under subdivision (e) , (f) , or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request

(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h) ;

(B) shall be dispatched through first-class mail or other reliable means;

(C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;

(D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84 , of the consequences of compliance and of a failure to comply with the request;

(E) shall set forth the date on which request is sent;

(F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

(G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proofs of service shall be required.

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

(e) Service Upon Individuals Within a Judicial District of the United States.

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

(f) Service Upon Individuals in a Foreign Country.

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

(C) unless prohibited by the law of the foreign country, by

(i) delivery to the individual personally of a copy of the summons and the complaint; or

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the court.

(g) Service Upon Infants and Incompetent Person.

Service upon an infant or an incompetent person in a judicial district of the United States shall be effected in the manner prescribed by the law of the state in which the service is made for the service of summons or like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. Service upon an infant or an incompetent person in a place not within any judicial district of the United States shall be effected in the manner prescribed by paragraph (2)(A) or (2)(B) of subdivision (f) or by such means as the court may direct.

(h) Service Upon Corporations and Associations.

Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1) , or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

(2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

(i) Service Upon the United States, and its Agencies, Corporations, or Officers, or Employees.

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

(2)(A) Service on an agency or corporation of the United States , or an officer or employee of thenof the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer, employee, agency, or corporation.

(B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with performance of duties on behalf of the United States-- whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

(3) The court shall allow a reasonable time for service of process under this subdivision for the purpose of curing the failure to serve multiple officers, agencies, or corporations of the United States

if the plaintiff has effected service on either the United States attorney or the Attorney General of the United States.

(A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States Attorney or the Attorney General of the United States, or

(B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity.

(j) Service Upon Foreign, State, or Local Governments.

(1) Service upon a foreign state or a political subdivision, agency, or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608.

(2) Service upon a state, municipal corporation, or other governmental organization subject to suit, shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

(k) Territorial Limits of Effective Service.

(1) Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant

(A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or

(B) who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issues, or

(C) who is subject to the federal interpleader jurisdiction under 28 U.S.C. § 1335, or

(D) when authorized by a statute of the United States.
(2) If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

(l) Proof of Service.

If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof. Proof of service in a place not within any judicial district of the United

States shall, if effected under paragraph (1) of subdivision (f) , be made pursuant to the applicable treaty or convention, and shall, if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court. Failure to make proof of service does not affect the validity of the service.

The court may allow proof of service to be amended.

(m) Time Limit for Service.

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1) .

(n) Seizure of Property; Service of Summons not Feasible.

(1) If a statute of the United States so provides, the court may assert jurisdiction over property. Notice to claimants of the property shall than be sent in the manner provided by the statute or by service of a summons under this rule.

(2) Upon a showing that personal jurisdiction over a defendant cannot, in the district where the action is brought, be obtained with reasonable efforts by service of summons in any manner authorized by this rule, the court may assert jurisdiction over any of the defendant's assets found within the district by seizing the assets under the circumstances and in the manner provided by the law of the state in which the district court is located.

## Rule 8(a). General Rules of Pleadings

General Rules of Pleadings

Claims for Relief.  A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain

(1)    a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it,

(2)    a short and plain statement of the claim showing that the pleader is entitled to relief, and

(3)    a demand for judgment for the relief to which he deems himself entitled.  Relief in the alternative or of several different types may be demanded.

ATTACHMENT 9

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

## HOW TO CALCULATE TIME FOR FILING DOCUMENTS*

**Authority:** Rule 6 and 5(b) of Federal Rules of Civil Procedure

Under Rule 6(a), the first day from which the time period begins to run is never counted in the calculation, but the last day is counted, unless the last day falls on a Saturday, Sunday, or official federal holiday, in which case the period runs until the next business day.  Intermediate weekends and holidays are not counted if the period of time is less than 11 days.  If the period of time is more than 10 days, intermediate weekends and holidays are counted.

Under Rule 5(b), when a document (other than an original complaint) is served by mail, the time period begins to run from the date the document is sent, not the date you receive it.  The date the document was sent will appear on the certificate of service which is required to be sent with the document as provided in Rule 5(d).  Under Rule 6(e),  3 additional calendar days are added to the period if the document is served by mail.  Refer to Rule 4 for more information on when service by mail is allowed.

**Example 1:**  Plaintiff has 10 days to respond to Defendant's Motion which was **hand delivered** on Friday, January 25, 2002.  Calculations begin on January 28th, the day after service. Since the deadline is 10 days or less weekends are not counted.   The Response would be due no later than Friday, February  8, 2002.

**Example 2:**  Plaintiff has 10 days to respond to Defendant's Motion which was **mailed** to Plaintiff.  Three additional days are added to the Example 1 calculations because  the motion was mailed (see Rule 5(b)).   The Response by Plaintiff would be due on Monday, February 11th.  Note:  The weekend days were included in the three day extension since the total time period now exceeds 10 days.

**Example 3:**  Defendant has 20 days to answer or otherwise respond to Plaintiff's complaint which was served on Friday, January 18, 2002.  The calculation starts on Saturday, January 19.  Weekends and holidays are counted since the time period exceeds 10 days.  The Answer would be due no later than Thursday, February 7, 2002.

We hope that you find the above information helpful.

***U.S. District Court Customer Services Staff**.*

*\*Court Personnel are not permitted to evaluate your case or to offer any sort of advice on how to proceed with your case.  We can, however, provide you general information about court rules and procedures.  The information above is intended to assist you in calculating the time for filing certain types of documents as required by court order, or by federal or local rules. We cannot perform the calculation for you, nor are we able to make a determination as to whether or not you are calculating the time correctly.*

# Effective April 9, 2006

## SCHEDULE OF FEES FOR U. S. DISTRICT COURT

When a check is used to pay any of the following fees, the check should be made payable to:
**Clerk, U.S. District Court**

**FILING FEE - CIVIL ACTION, SUIT, OR PROCEEDING**      **350.00**

**FILING FEE - ACTIONS BROUGHT UNDER TITLE III** of Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, P.L. 104-114, 110 Stat.§785 (1996) (This fee is in addition to the filing fee prescribed in 28 U.S.C. 1914(a) for instituting any civil action other than a writ of habeas corpus.)      **5,431.00**

**FILING FEE - PETITION FOR WRIT OF HABEAS CORPUS**      **5.00**

**FILING FEE - MOTION PURSUANT TO 28 U.S.C. 2255**      **NONE**

**FILING FEE - AMENDED COMPLAINT**      **NONE**

**FILING FEE - ANSWER**      **NONE**

**FILING FEE - JURY DEMAND**      **NONE**

**FILING OR INDEXING ANY PAPER** not in a case or proceeding for which a case filing fee has been paid (i.e., petition to perpetuate testimony (Rule 27(a), F.R.Civ.P.), the filing of papers by trustees (28 U.S.C. 754), the filing of letters of request, Power of Attorney- surety bonds)      **39.00**

**REGISTERING A JUDGMENT** from another district (28 U.S.C. 1963)      **39.00**

**A SEARCH OF THE RECORDS OF THE DISTRICT COURT** per name or item searched. This fee shall apply to services rendered on behalf of the United States if the information requested is available through electronic access.      **26.00**

**CERTIFYING** any document or paper (whether the certification is made directly on the document or by separate instrument). Please note there is a copy fee also      **9.00**

**REPRODUCING ANY RECORD OR PAPER** (not including certification)　　　　　**.50**
　　　- **per page** including original documents, microfiche or microfilm
　　　reproductions of the original records.  This fee shall apply to services
　　　rendered on behalf of the United States if the record or paper requested
　　　is available through electronic access.

　　　**Electronic copies** (printed  from waiting area terminal)　　　　　　**.10**
　　　　- **per page** printouts of docket or imaged documents

**COPIES OF OPINIONS** (minimum charge $1.00 per opinion)　　　　　　**.25**
　　　- per page

**REPRODUCTION OF RECORDED PROCEEDING, ANY MEDIUM**　　　　**26.00**

**ADMISSION OF ATTORNEYS** to practice (includes Certificate　　　**180.00**
　　　of Admission) for members of the Arizona State Bar only

**ADMISSION OF ATTORNEYS BY PRO HAC VICE**　　　　　　**100.00**

**DUPLICATE CERTIFICATE OF ADMISSION** or　　　　　　**15.00**
　　　**CERTIFICATE OF GOOD STANDING**

**NINTH CIRCUIT DOCKETING FEE FOR NOTICE OF APPEAL**　　　**450.00**
**FILING FEE FOR NOTICE OF APPEAL**　　　　　　　　**+  5.00**
(payable to Clerk, U. S. District Court)　　　　　　　　**455.00**

**MICROFICHE**, for each microfiche sheet or microfilm　　　　　**5.00**
　　　jacket copy of any court record, where available

**RETRIEVAL OF RECORD** from a Federal Records Center, National　**45.00**
　　　Archives, or other storage location removed from the
　　　place of business of the court

**RETURNED CHECK** paid into the court for lack of funds　　　**45.00**

**AN APPEAL** to a District Judge from a judgment of　　　　**32.00**
　　　conviction by a Magistrate Judge in a
　　　misdemeanor case

(Rev. September 26, 2006)

# TO ANY PARTY/PERSON SEEKING LEGAL ASSISTANCE

### LAWYER REFERRAL SERVICES

Maricopa County Bar Association
Phoenix, AZ
(602) 257-4434

Pima County Bar Association
Tucson, AZ
(520) 623-4625

The following is a list of legal service organizations in the state of Arizona for your use.  We cannot and do not guarantee that any of these agencies will provide legal services or that their services will be free of charge.  This handout is provided solely for information
purposes.

### LEGAL SERVICES ORGANIZATIONS IN THE STATE OF ARIZONA

### MARICOPA COUNTY

Community Legal Services
P.O. Box 21538
Phoenix, AZ 85036-1538
Phone: (602) 258-3434
Fax: (602) 254-3258
1-800-852-9075

Community Legal Services
East Side Office
20 W. First St., Suite 101
Mesa, AZ 85201
Phone: (480) 833-1442
Fax: (480) 833-1746
1-800-896-3631

Advocates for the Disabled
4520 N. Central Ave., #575
Phoenix, AZ 85012
Phone: (602) 212-2600
Fax: (602) 212-2606

William E. Morris Institute for
Justice
202 E. McDowell Rd., Ste. 257
Phoenix, AZ 85004
Phone: (602) 252-3432
Fax: (602) 257-8138

Arizona Senior Citizens Law
Project
1818 S. 16th Ave.
Phoenix, AZ 85034
Phone: (602) 252-6710
Fax: (602) 252-6694

Catholic Social Service
(Immigration)
1825 West Northern Ave.
Phoenix, AZ 85021-5298
Phone: (602) 997-6105
Fax: (602) 870-3891

Friendly House (Immigration)
802 S. First Ave.
Phoenix, AZ 85003
Phone: (602) 257-1870

Arizona Center for Disability Law
3839 N. 3rd St., Suite 209
Phoenix, AZ 85012
Phone: (602) 274-6287
Fax: (602) 274-6779
1-800-927-2260

ATTACHMENT 12

## PIMA COUNTY

Arizona Center for Disability Law
100 N. Stone Ave., Suite 305
Tucson, AZ 85701
Phone: (520) 327-9547
Fax: (520) 884-0992
1-800-922-1447

Asylum Program of Southern Arizona
2221 E. Broadway, Suite 211
Tucson, AZ 85719
Phone: (520) 623-4555
Fax: (520) 623-4884

Southern Arizona Legal Aid
64 E. Broadway
Tucson, AZ 85701-1720
Phone: (520) 623-9465
Fax: (520) 620-0443
1-800-234-7252

Arizona Center for Law
in the Public Interest
18 E. Ochoa St.
Tucson, AZ 85701
Phone: (520) 529-1798
Fax: (520) 529-2927

Southern Arizona Legal
Aid - Papago Legal Services
P.O. Box 298
Sells, AZ 85634
Phone: (520) 383-2420
Fax: (520) 383-2516

## APACHE COUNTY

White Mountain Legal Aid
Rt. 4 Box 1740, Suite 15
Lakeside, AZ 85929
Phone: (928) 537-8383
Fax: (928) 537-1838
1-800-658-7958

## GILA COUNTY

Southern Arizona Legal Aid
64 E. Broadway
Tucson, AZ 85701-1720
Phone: (520) 623-9465
Fax: (520) 620-0443
1-800-258-6789

## LA PAZ COUNTY

Community Legal Services
201 S. 1st Ave.
Yuma, AZ 85364-2250
Phone: (928) 782-7511
Fax: (928) 782-0037
1-800-424-7962

## COCHISE COUNTY

Southern Arizona Legal Aid
P.O. Box AL
Bisbee, AZ 85603
Phone: (520) 432-1639
Fax: (520) 432-1641
1-800-231-7106

## GRAHAM COUNTY

Southern Arizona Legal Aid
P.O. Box AL
Bisbee, AZ 85603
Phone: (520) 432-1639
Fax: (520) 432-1641
1-800-231-7106

## MOHAVE COUNTY

Community Legal Services
1720 Beverly St., Suite A
Kingman, AZ 86401
Phone: (928) 681-1177
Fax: (928) 681-5998
1-800-255-9031

## COCONINO COUNTY

DNA-Coconino Legal Aid
222 E. Birch St.
Flagstaff, AZ 86001
Phone: (928) 774-0653
Fax: (928) 774-9452
1-800-789-5781

## GREENLEE COUNTY

Southern Arizona Legal Aid
P.O. Box AL
Bisbee, AZ 85603
Phone: (520) 432-1639
Fax: (520) 432-1641
1-800-231-7106

## NAVAJO COUNTY

White Mountain Legal Aid
Rt. 4, Box 1740, Suite 15
Lakeside, AZ 85929
Phone: (928) 537-8383
Fax: (928) 537-1838
1-800-658-7958

**PINAL COUNTY**

Southern Arizona Legal Aid
766 North Park
Casa Grande, AZ 85222
Phone: (520) 316-8076
Fax: (520) 316-8063
1-800-718-8086

**SANTA CRUZ COUNTY**

Southern Arizona Legal Aid
1071 N. Grand Ave., Suite 110
Nogales, AZ 85621
Phone: (520) 287-9441
Fax: (520) 287-9273

**YAVAPAI COUNTY**

Community Legal Services
401 N. Mount Vernon
Prescott, AZ 86301
Phone: (928) 445-9240
Fax: (928) 445-6312
1-800-233-5114

**YUMA COUNTY**

Community Legal Services
201 S. 1st Ave.
Yuma, AZ 85364-2250
Phone: (928) 782-7511
Fax: (928) 782-0037
1-800-424-7962

**NAVAJO NATION**

DNA - Chinle Agency Office
P.O. Box 767
Chinle, AZ 86503
Phone: (928) 674-5242
Fax: (928) 674-2410
1-800-789-7598

DNA - Fort Defiance Agency Office
P.O. Box 306
Window Rock, AZ 86515
Phone: (928) 871-4151
Fax: (928) 871-5036
1-800-789-7287
1-800-789-5824

DNA - Hopi Legal Services
P.O. Box 558
Keams Canyon, AZ 86034
Phone: (928) 738-2251
Fax: (928) 738-5343
1-800-789-9586

DNA - Tuba City Agency Office
P.O. Box 765
Tuba City, AZ 86045
Phone: (928) 283-5265
Fax: (928) 283-5460
1-800-789-8919

**WHITE MOUNTAIN APACHE TRIBE**

Southern Arizona Legal Aid
White Mountain Apache
Legal Aid
116 East Oak St.
P.O. Box 1030
Whiteriver, AZ 85941
Phone: (928) 338-4845
Fax: (928) 338-1436
1-800-658-7958